AMÉRICO COLÓN, Petitioner, *v.* DISTRICT COURT OF ARECIBO, FIRST SECTION, Respondent.

No. 1568. Argued June 19, 1944.—Decided July 10, 1944.

*Efraín Ramírez Ramírez* for petitioner. *Eduardo Pérez Casalduc* for defendant in the main action.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

After judgment was entered by the District Court of Arecibo, on an appeal from the municipal court, in an action for wages, the plaintiff appealed from said judgment to the Supreme Court. The character of the work done by the plaintiff was described in the complaint in the following manner: "That the defendant contracted for the services of the plaintiff as a laborer in the house of one of his overseers and that he rendered the services as follows."

The plaintiff asked the court below to order the stenographer to prepare the transcript of the evidence so that he could perfect his appeal and the court, on May 20, 1944, entered an order which reads thus:

"We regret our inability to issue the order as regards the transcript because according to the Wage Act there is only the right to one appeal in the case of *agricultural workers* and we could not compel the stenographer to work on a transcript if the law itself denies the right to appeal." (Italics ours.)

Upon petition of the plaintiff we issued a writ of certiorari to review this action of the lower court.

The defendant in the appealed case was notified of the writ and the petition and did not appear at the hearing or file any reply thereto.

■■ The district courts do not have the power to deny a litigant the right given to them by law to obtain the necessary documents, conditioned on payment of the corresponding fees, to perfect an appeal taken to this court. In the case at bar one of the controverted facts is precisely whether the wages claimed are or are not of an agricultural nature. The court below in dismissing the complaint did not decide that the wages claimed were agricultural, but limited itself to stating in its opinion as follows:

"It appearing from the evidence that the work done by the plaintiff and for which he claims indemnity for extra hours, did not consist exclusively of services that he rendered to the Central Cambalache, but that he did work as a servant to an overseer of the Central in affairs of the family, such as the making of purchases in the market, and it appearing from the evidence that the plaintiff also dedicated himself to taking care of cows of his own property and to sell milk from those cows in Arecibo, and it further appearing that the agreed wages were not by the hour, but on a weekly basis and that the plaintiff enjoyed other benefits given to him by the Central, like a home, water and light, free for him and his family, the court understands that he can not collect wages for extra hours, which were not convincingly proved and which could not be determined due to the mixed kind of work done by the plaintiff, who not only took care of the horses of the Central, but also took care of the private affairs of the overseer and of his personal affairs."

Therefore, the determination made by the court below in the order denying the transcript of the evidence, to the effect that it was a case in which agricultural wages were claimed, is not supported by its opinion in the case. And even if it were so, it would not be incumbent on the district court to decide if the case was or was not appealable to the Supreme Court. Cf. *Rivera* v. *Martínez*, 27 P.R.R. 439.

902

The order entered by the District Court of Arecibo on May 20, 1944, is hereby set aside and the record of civil case No. 5514, *Américo Colón* v. *Central Cambalache,* is remanded to said court for further proceedings.